UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NICHOLAS R. TIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16 CV 31 ACL |
| | ) |
| L.E.P., a minor, and | ) |
| TIMOTHY J. POWDERLY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Nicholas R. Timmons brings this personal injury action arising out of an automobile accident against Defendant L.E.P., a minor, and Timothy J. Powderly, L.E.P.'s father. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. *See* 28 U.S.C. § 636(c). Presently pending before the Court is Plaintiff's Motion for Summary Judgment against Defendant L.E.P. (Doc. 20.) Also pending is Defendant Timothy Powderly's Motion for Summary Judgment. (Doc. No. 21). For the following reasons, Plaintiff's Motion will be denied, and Defendant Powderly's Motion will be granted.

**Background**

On September 21, 2015, L.E.P. was operating a 1998 Pontiac Firebird Trans-Am at the intersection of Notre Dame Drive and Route K in Cape Girardeau, Missouri. L.E.P. was not yet licensed and was only a permit driver. Defendant L.E.P. turned onto Route K from Notre Dame

Drive, lost control of the Trans-Am and collided with the vehicle operated by Plaintiff Timmons.[1]

In Count I of his Complaint, Timmons asserts a negligence claim against L.E.P. (Doc. 1 at p. 2.) Timmons alleges that L.E.P. was not skilled or experienced in operating such a powerful vehicle, and drove at a speed that was too fast to maintain control of the vehicle. *Id.* He states that he sustained injury, has incurred medical expenses, and has experienced pain, suffering, lost income, and disability as a result of L.E.P.'s negligence. *Id.*

Timmons asserts a negligent entrustment claim against Timothy E. Powderly in Count II. *Id.* at p. 3. He states that Powderly was the owner of the Trans-Am driven by L.E.P. *Id.* Timmons alleges that Powderly negligently entrusted the vehicle to L.E.P. when he knew his daughter was too inexperienced "to operate such a powerful vehicle." *Id.* He further alleges that Powderly directed L.E.P. to enter onto Route K from Notre Dame Drive when it was not safe to do so due to the proximity of traffic on Route K. *Id.* Timmons contends that the collision resulted from Powderly's negligence. *Id.* at 4. He requests compensatory and punitive damages "commensurate to his reckless conduct." *Id.*

L.E.P. asserts an affirmative defense of comparative fault. (Doc. 2 at p. 2-3.)

Timmons filed a Motion for Summary Judgment against Defendant L.E.P, contending that L.E.P. admitted both fault and damages during her deposition. He requests that the Court enter summary judgment in favor of Plaintiff and against L.E.P., and that this matter proceed to trial against L.E.P. on the issue of compensatory damages only.

---

[1] The facts set out in this paragraph were taken from Timmons' Statement of Uncontroverted Facts. L.E.P. failed to respond to Timmons' Statement of Uncontroverted Facts. Under this Court's Local Rules, "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D. Mo. L.R. 4.01(E).

Defendant Powderly filed a Motion for Summary Judgment, in which he argues that he is entitled to judgment as a matter of law on Timmons' negligent entrustment claim because Timmons has produced no evidence to support such a claim. He further argues that Timmons cannot establish that the conduct of Powderly supports a claim of punitive damages.

**I.      Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine issue of material fact is not the "mere existence of some alleged factual dispute between the parties." *State Auto. Ins. Co. v. Lawrence,* 358 F.3d 982, 985 (8th Cir. 2004). "Instead, the dispute must be outcome determinative under prevailing law." *Mosley v. City of Northwoods,* 415 F.3d 908, 910-11 (8th Cir. 2005) (internal quotations omitted). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in his favor to allow a jury to return a verdict for him. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. "If 'opposing parties tell two different stories,' the court must review the record, determine which facts are material and genuinely disputed, and then view those facts in a light most favorable to the nonmoving party – as long as those facts are not 'so blatantly contradicted by the record . . . that no reasonable jury could believe' them." *Reed v.*

*City of St. Charles, Mo.*, 561 F.3d 788 (8th Cir. 2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the nonmoving party and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.,* 210 F.3d 845, 847 (8th Cir. 2000). The court is required, however, to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

## III.  Discussion

### A.  Plaintiff's Motion

As previously noted, Timmons requests that the Court enter judgment against L.E.P. on the issue of liability due to L.E.P.'s admissions during her deposition. Timmons' argument is based on the following deposition testimony:

> [Plaintiff's Counsel]: You would agree that when you're operating a car, it's important to operate it in a way that it doesn't lose control?
>
> [L.E.P.]: Yes.
>
> [Plaintiff's Counsel]: And if a car loses control because of the way you operate it and it goes into the oncoming lane of traffic and causes a wreck, that would be your fault?
>
> [L.E.P.]: Yes.

> [Plaintiff's Counsel]: Do you have a judgment based on what happened whether this accident was your fault?
>
> > [Defendant's Counsel]: In addition to the form, I would also object that it invades the province of the jury, but you can go ahead and answer, L.E.P.
>
> [L.E.P.]: Yes.
>
> [Plaintiff's Counsel]: You think it was?
>
> [L.E.P.]: Yes.

(20-1 at p. 9-10.)

In her Response, L.E.P. does not dispute her admissions during her deposition, but contends that summary judgment is inappropriate because she has pleaded comparative fault as an affirmative defense, and the record contains facts from which a jury could reasonably infer an allocation of fault to Plaintiff Timmons. (Doc. 28.) L.E.P. cites to her testimony that she looked in both directions when she was stopped at the intersection, and did not see any cars nearby. (Doc. 28-2 at p. 3-4.) She also notes that her father, Defendant Timmons, testified that he believed Timmons was driving too fast. (Doc. 28-3 at p. 4.)

Under the pure comparative fault principles adopted by Missouri in *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. 1983) (en banc), the injured party's own negligence is compared to that of the negligence of defendant to determine whether any damages awarded should be diminished in proportion to the amount of negligence attributable to that plaintiff. *Cornell v. Texaco, Inc.,* 712 S.W.2d 680, 682 (Mo. 1986) (en banc). Comparative fault is an affirmative defense in which the defendant must prove that the actions or omissions of the plaintiff contributed to the plaintiff's loss to negate or reduce the defendant's legal responsibility. *Business Men's Assurance Co. v. Graham,* 891 S.W.2d 438, 447 (Mo. Ct. App. 1994). The parties in a negligence case have the right to have their case submitted to a jury under comparative fault principles if there exists

substantial evidence, not mere speculation or conjecture, that the plaintiff's conduct was a contributing cause of her damages. *Hughes v. Palermo,* 911 S.W.2d 673, 674 (Mo. Ct. App. 1995).

Timmons did not file a Reply, and has not otherwise addressed the issue of comparative fault. L.E.P. raised this issue as an affirmative defense and has submitted deposition testimony in support of the argument. The issue of any negligence on the part of Timmons remains a genuine issue of material fact. Thus, the Court cannot grant Timmons' Motion. *See Cerentana v. Alhalabi*, 4:05CV1359SNL, 2006 WL 3103052, at *1 (E.D. Mo. Oct. 31, 2006) (denying plaintiff's motion for partial summary judgment on liability when defendant raised issue of comparative fault in his answer and deposition testimony, noting that "comparative fault is a jury issue").

**B.    Defendant Powderly's Motion**

Defendant Powderly first argues that he is entitled to judgment as a matter of law on Count II because Timmons cannot establish the requisite elements of a negligent entrustment claim.

In order to recover on a claim for negligent entrustment under Missouri law, a plaintiff must prove by a preponderance of the evidence that (1) the entrustee is incompetent, (2) the entrustor knew or had reason to know of the incompetence, (3) there was an entrustment of a chattel, and (4) the negligence of the entrustor concurred with the negligence of the entrustee to harm the plaintiff. *Evans v. Allen Auto Rental and Truck Leasing, Inc.,* 555 S.W.2d 325, 326 (Mo. banc 1977).

Powderly argues that Timmons has produced no evidence to show that Powderly knew or had reason to know that L.E.P. was an incompetent driver. Powderly contends that L.E.P. was a

good student and was very reliable, had driven the Trans-Am seven to nine times prior to the accident, and had not been involved in any similar incidents.

Timmons responds that L.E.P.'s incompetence and Powderly's knowledge thereof is established by the fact that L.E.P. was not a licensed driver, and by Powderly's statements to the police officer at the scene. Timmons states that the police report contains an admission by Powderly that L.E.P. was not familiar with the Trans-Am, and that Powderly told L.E.P. when to pull out into traffic. Timmons argues that it can be inferred from these statements that L.E.P. was not competent to exercise her own judgment about when to pull out into traffic.

In his Reply, Powderly first argues that Timmons failed to respond to Powderly's Statement of Uncontroverted Material Facts and those facts support summary judgment. He next contends that his alleged statements to the police officer are immaterial and irrelevant to Timmons' negligent entrustment claim.

The police report provides as follows, in relevant part:

P1 ADVISED "IT WAS HIS FAULT" AND THT HE "TOLD D1 TO PULL OUT". P1 ADVISED HE WAS THE FATHER OF D1 AND THAT D1 WAS A PERMIT DRIVER AND HAD NOT BEEN FAMILIAR WITH V1. P1 ADVISED V1 TIRES BEGAN TO "SPIN OUT" AND D1 LOSS CONTROL OF THE VEHICLE. P1 STATED HE THEN GRABBED THE STEERING WHEEL OF V1 WHICH ASSISTED IN D1 OVER-CORRECTING V1 INTO THE PATH OF V2.

(Doc. 27-1 at p. 5.)

Powderly argues that he has no memory of telling the officer that his daughter had not been familiar with the car. (Doc. 31 at p. 2.) He testified that he told the officer that L.E.P. "was a fairly new driver." (Doc. 27-2 at p. 6.) Powderly contends that is what he meant by any such statement. (Doc. 31 at p. 2.)

7

The Court finds that there is insufficient evidence for a jury to find that Powderly knew that L.E.P. was incompetent to drive prior to the accident. The mere fact that L.E.P. did not have a driver's license does not establish that she was incompetent to drive with her father in the car when it is undisputed that L.E.P. obtained a learner's permit four months prior to the accident. (Doc. 21-2 at p. 11, 38.) *See* Mo. Rev. Stat. § 302.130 (allowing a minor at least fifteen years of age to operate a vehicle under the supervision of a parent or guardian).

Even assuming Powderly's statements to police regarding L.E.P. losing control of the vehicle establish L.E.P.'s incompetence as a driver during the accident at issue, there is no evidence that Powderly had knowledge of this incompetence prior to the accident. Courts have found that there must be evidence that the entrustor knew of the entrustee's habitual negligence when considering entrustment of vehicle cases. *Portman v. Stanley*, 674 S.W.2d 678, 679 (Mo. Ct. App. 2008) (son's past conduct of rolling car into ditch, running into a parked car and leaving the scene, and running into a fire hydrant that occurred more than two years before the collision at issue was not such that defendant parents would reasonably have foreseen collision); *See Lix v. Gastian*, 261 S.W.2d 497, 500-01 (Mo. Ct. App. 1953) (no showing of "habitual reckless conduct" on the part of son to hold father liable when one year prior son had pled guilty to charge of careless driving and son had reputation for fast driving); *cf. Hallquist v. Smith*, 189 S.W.3d 173, 177 (Mo. Ct. App. 2006) (evidence sufficient to defeat summary judgment when parent was "well aware of the dangerous proclivities of the child with respect to driving" due to history of driving while intoxicated).

Timmons cites *Pritchett v. Kimberling Cove*, 568 F.2d 570 (8th Cir. 1977), to support his claim that summary judgment on negligent entrustment is not warranted. In *Pritchett*, the Court found that a boat marina negligently entrusted a motorboat to a minor employee when the

employee had just turned fifteen years old, had a poor school record, had little training in safe operation of motorboats, and no training in the operation of motorboats at night. 568 F.2d at 577. The facts in this case are distinguishable. In this case, it is undisputed that L.E.P. had her driver's permit for four months before the accident took place, L.E.P. drove with her father as a passenger on many locations without incident, L.E.P. had driven Powderly's Trans-Am between seven and nine times prior to the accident, L.E.P. had not been involved in any prior car collision while driving the Trans-Am or any other car, the Trans-Am had never fishtailed while L.E.P. was driving prior to the accident, and LE.P. was a good student.[2] (Doc. 23 at p. 1-2.)

Given these facts, Timmons has failed to show that Powderly knew or had reason to know that L.E.P. was incompetent to drive prior to the accident. Thus, Powderly is entitled to judgment as a matter of law on Timmons' negligent entrustment claim.

Powderly next contends that he is entitled to summary judgment on Timmons' claim for punitive damages on Count II because Timmons has failed to present clear and convincing evidence to support such a claim. In light of the Court's ruling, there is no need to consider Timmons' request for punitive damages.

Accordingly,

---

[2] As Powderly pointed out, Timmons failed to respond to Powderly's Statement of Uncontroverted Material Facts. As such, these facts are deemed admitted. *See* E.D. Mo. L.R. 4.01(E).

9

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment against Defendant L.E.P. (Doc. 20) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Powderly's Motion for Summary Judgment (Doc. 21) is **granted**. A separate Judgment in favor of Defendant Powderly will accompany this Memorandum and Order.

*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of June, 2017.