UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NICHOLAS R. TIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16 CV 31 ACL |
| | ) |
| L.E.P., a minor, and | ) |
| TIMOTHY J. POWDERLY, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Presently pending before the Court is Plaintiff Nicholas R. Timmons' Motion to Reconsider Summary Judgment in favor of Timothy J. Powderly. (Doc. 37). For the following reasons, Timmons' Motion will be denied.

### **Background**

In Count I of his Complaint, Timmons asserts a negligence claim against L.E.P., the minor permit driver of the Trans Am that collided with the vehicle operated by Timmons on September 21, 2015. (Doc. 1 at p. 2.) Timmons alleges that L.E.P. was not skilled or experienced in operating the vehicle she was driving, and drove at a speed that was too fast to maintain control of the vehicle. *Id.* He states that he sustained injury, has incurred medical expenses, and has experienced pain, suffering, lost income, and disability as a result of L.E.P.'s negligence. *Id.*

Timmons asserts a negligent entrustment claim against Timothy E. Powderly, Timmons' father, in Count II. *Id.* at p. 3. He states that Powderly was the owner of the Trans-Am driven by L.E.P. *Id.* Timmons alleges that Powderly negligently entrusted the vehicle to L.E.P. when he knew his daughter was too inexperienced "to operate such a powerful vehicle." *Id.*

L.E.P. asserts an affirmative defense of comparative fault. (Doc. 2 at p. 2-3.)

Timmons filed a Motion for Summary Judgment against L.E.P, contending that L.E.P. admitted both fault and damages during her deposition. He requested that the Court enter summary judgment in favor of Plaintiff and against L.E.P., and that this matter proceed to trial against L.E.P. on the issue of compensatory damages only.

Defendant Powderly filed a Motion for Summary Judgment, in which he argued that he was entitled to judgment as a matter of law on Timmons' negligent entrustment claim because Timmons produced no evidence to support such a claim.

In a Memorandum and Order dated June 9, 2017, the Court granted Powderly's Motion for Summary Judgment, and denied Timmons' Motion. (Doc. 34.) Timmons now asks the Court to reconsider its grant of summary judgment in favor of Powderly on Timmons' negligent entrustment claim.

## **Discussion**

There is no specific rule which references Motions to Reconsider in the Federal Rules of Civil Procedure. "However, the Eighth Circuit Court of Appeals has determined that motions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders." *Wichmann v. Proctor & Gamble Manufacturing,* No. 4:06CV1457 HEA, 2007 WL 735017, *1 (E.D. Mo. Mar. 8, 2007) (internal citations and quotations omitted). Similarly, in *In re Genetically Modified Rice Litigation,* No. 4:06MD1811 CDP, 4:07CV416 CDP, 2008 WL 80663 (E.D. Mo. Jan. 7, 2008), the Court stated:

> In this circuit, motions for reconsideration are construed as Rule 60(b) motions. *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir. 1999). Rule 60(b) motions should not be granted as a result of reargument of the merits but must be based on the circumstances enumerated in the Rule. *Id.* These circumstances include: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence that could not have been discovered with reasonable diligence, fraud, the

> judgment being void, and satisfaction, release, or discharge of the judgment. Fed.R.Civ.P. 60(b). In this Circuit, relief for judicial error under Rule 60(b)(1)— the section dealing with mistake is only available for judicial inadvertence. *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 460-61 (8th Cir. 2000).

*Id.* at *1.

Timmons argues that, in granting summary judgment in favor of Timothy Powderly on Count II, the Court "misstated the law of negligent entrustment, misquoting its elements and finding as result that habitual recklessness or prior bad acts or wrecks are a requisite element of the tort." (Doc. 38 at p. 1.) Timmons further argues that the entry of summary judgment was "inconsistent with summary judgment standards." *Id.* at p. 8.

Powderly has filed a Reply in Opposition to Timmons' Motion to Reconsider, in which he characterizes Timmons' arguments as "wild and unsubstantiated." (Doc. 42.)

In its Memorandum and Order on the motions for summary judgment, the Court set forth the elements of a negligent entrustment claim as follows:

> In order to recover on a claim for negligent entrustment under Missouri law, a plaintiff must prove by a preponderance of the evidence that (1) the entrustee is incompetent, (2) the entrustor knew or had reason to know of the incompetence, (3) there was an entrustment of a chattel, and (4) the negligence of the entrustor concurred with the negligence of the entrustee to harm the plaintiff. *Evans v. Allen Auto Rental and Truck Leasing, Inc.,* 555 S.W.2d 325, 326 (Mo. banc 1977).

(Doc. 35 at p. 6.)

The crux of Timmons' claim is that the Court misstated the law of negligent entrustment by eliminating the following language contained in *Evans* with regard to the first element: "by reason of age, inexperience, habitual recklessness or otherwise." 555 S.W.2d at 326. Timmons contends that Powderly left out the accurate statement of the law in his Motion for Summary Judgment, thereby causing the Court to commit this error.

Contrary to Timmons' assertion, the Court was not misled by Timmons, nor was the omission of the cited language inadvertent. Rather, the undersigned made a conscious decision not to directly quote *Evans*, and instead set forth a simplified iteration of the element. In doing so, the Court did not misstate the law. In fact, the Missouri Supreme Court has used the same language. *See, e.g. McHaffie By and Through McHaffie v. Bunch*, 891 S.W.2d 822, 825 (Mo. 1995) (setting forth elements of negligent entrustment claim as "(1) *the entrustee is incompetent*, (2) the entrustor knew or had reason to know of the incompetence…" (emphasis added).

The omission of the additional language had no effect on the Court's analysis of Timmons' negligent entrustment claim. Timmons contends that "age" and "inexperience" are factors to be weighed in evaluating incompetence. The Court agrees, and did consider these factors. The Court stated:

> The mere fact that L.E.P. did not have a driver's license does not establish that she was incompetent to drive with her father in the car when it is undisputed that L.E.P. obtained a learner's permit four months prior to the accident. (Doc. 21-2 at p. 11, 38.) *See* Mo. Rev. Stat. § 302.130 (allowing a minor at least fifteen years of age to operate a vehicle under the supervision of a parent or guardian).
>
> ***
>
> In this case, it is undisputed that L.E.P. had her driver's permit for four months before the accident took place, L.E.P. drove with her father as a passenger on many [occasions] without incident, L.E.P. had driven Powderly's Trans-Am between seven and nine times prior to the accident, L.E.P. had not been involved in any prior car collisions while driving the Trans-Am or any other car, the Trans-Am had never fishtailed while L.E.P. was driving prior to the accident, and L.E.P. was a good student.

(Doc. 34 at p. 8, 9.)

L.E.P.'s age and experience must be considered in the context of the facts of this case, which is precisely the analysis undertaken by this Court. A permit driver, by definition, is young and inexperienced compared to adult drivers. This alone does not establish incompetence to

4

drive under the supervision of a parent or guardian.  As the Court noted in its decision, L.E.P. had significant experience driving the vehicle at issue prior to the accident despite her young age.  The Court found that Timmons failed to present any evidence showing that Powderly knew or had reason to know that L.E.P. was incompetent to drive under his supervision—by virtue of her age, experience, or otherwise—prior to the accident.  Timmons does not cite any authority finding an opposite conclusion under similar facts.

Timmons also contends that the Court's entry of summary judgment in favor of Powderly was inconsistent with summary judgment standards.  The undersigned disagrees.  The Court cited the familiar sources of *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986), and *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), when setting forth Timmons' burden as the nonmoving party of "setting forth specific facts showing that there is sufficient evidence in his favor to allow a jury to return a verdict for him."  (Doc. 34 at p. 3.)  As discussed above, the Court found that Timmons failed to satisfy this burden because he presented no evidence showing Powderly's previous knowledge of incompetence.  Timmons presents no circumstances that would justify reconsidering this determination, but merely reiterates arguments raised in his previous pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider Summary Judgment in favor of Timothy J. Powderly (Doc. 37) is **denied**.

Dated this 16th day of August, 2017.

                                                                *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE